In the Matter of the Estate of GEORGE F. BAKER, Deceased.

Surrogate's Court, New York County, August 23, 1939.

*White & Case*, for the petitioners.

*Curtis, Belknap & Webb* [*James F. Curtis* of counsel], for the respondent Edith Kane Baker.

*Wilson, Huntington & Lord*, for The Society of the New York Hospital.

*John J. Bennett, Jr., Attorney-General*, for the State of New York.

*Thomas I. Sheridan*, special guardian.

FOLEY, S. The application of the widow of the testator to stay the pending accounting proceeding is denied. Subdivision 7 of section 18 of the Decedent Estate Law does not operate to deprive a surviving spouse of the right of election upon the entry of a decree settling the account of the representative of an estate unless such decree is made upon the final accounting of the fiduciary. The pending accounting proceeding is not a final accounting, although it may terminate in a decree which will be final and conclusive. Since the proceeding has been brought in the course of the administration of the estate, which has not been completed, it is an intermediate

accounting. The right of election of a surviving spouse is not foreclosed under the section by the entry of a decree upon an intermediate accounting, except where the surviving spouse has defaulted in filing the required notice of election within the statutory period and no extension of time to file has been granted by the surrogate, or where the surviving spouse is either an infant or an incompetent and no notice of election has been filed on behalf of such infant or incompetent at any time up to but not later than the entry of the decree on the first judicial account of the permanent representative of the estate made more than seven months after the issuance of letters.

Moreover, where the representative of an estate has actual notice, as here, that the surviving spouse's time to file a notice of election, as extended by the surrogate, has not expired, the right to exercise the election cannot be lost to the spouse by the entry of an accounting decree.

The statute has been liberalized to authorize the enlargement of the time to file the notice of election by a surviving spouse in order to meet the very situation that is presented in this estate. Here, on account of the financial condition of the estate, it is impossible for the widow to determine presently whether or not to exercise her right of election. It may be that she will be in a better position to so determine upon the termination of the pending accounting or at some later time before the final accounting. At any rate, the interests of the widow will be fully protected by appropriate provisions in the decree settling the intermediate account expressly reserving to her the right to exercise her election within the period fixed by the surrogate.

Submit order on notice denying the application accordingly.